# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN CARSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )     **Civil No. 05-2159 (HHK)** |
| | ) |
| MICHAEL O. LEAVITT, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant, Michael O. Leavitt, Secretary, United States Department of Health and Human Services, moves to dismiss Plaintiff's Complaint for improper venue. Fed. R. Civ. P. 12(b)(1), 12(b)(3).[1] In the alternative, Defendant moves this Court for a transfer of venue under 28 U.S.C. § 1406(a).

In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities with the attached Declaration.[2] A proposed Order consistent with this motion is attached hereto.

---

[1] Defendant does not waive jurisdiction or any other defenses, but merely moves to dismiss because this case was brought in the wrong venue. Defendant reserves all affirmative defenses for a later date, before an appropriate Court.

[2] The attached Declaration is submitted to provide a basis for the Court's determination of the appropriate venue. See 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

Respectfully submitted,


/s/
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney
District of Columbia


 /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUSAN CARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-2159 (HHK) |
| | ) |
| MICHAEL O. LEAVITT, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS FOR LACK OF VENUE OR, IN THE ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant, Michael O. Leavitt, Secretary, United States Department of Health and Human Services ("Agency"), hereby moves to dismiss, or in the alternative, to transfer Plaintiff's action, brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq., for lack of venue.

## I.    STATEMENT OF FACTS

Plaintiff, Susan Carson, a British female, brings this action against the Agency alleging discrimination on the bases of sex and national origin, and reprisal for prior Equal Employment Opportunity ("EEO") activity.  (Comp. ¶ 1); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").  At all relevant times, Plaintiff was employed as a Technology Licensing Specialist, GS-601-13, in the General Medicine Group, Division of Technology Development and Transfer, Office of Technology Transfer, Office of Intramural Research, Office of the Director, National Institutes of Health ("NIH").  (Compl. ¶ 4).  Plaintiff filed the

underlying EEO complaint with the Office of Equal Opportunity and Diversity Management,

NIH, Department of Health and Human Services, on November 14, 2003.  The following issue

was accepted by the agency for processing and investigation:

> Whether the Agency discriminated against Susan Carson (Complainant) on the bases of age (DOB: 2/23/53), sex (female and Equal Pay Act) and reprisal (after contacting the Ombudsman) when in June 2003 and February 2004, it denied her a career-ladder promotion from a Technology Licensing Specialist (TLS), GS-601-13, to a TLS, GS-601-14.

A prehearing statement and motion for a decision without a hearing was filed by the

agency on January 28, 2005.  On February 10, 2005, Plaintiff requested that the EEOC dismiss

her case and that the agency issue a final agency decision (FAD).  The EEOC administrative

judge dismissed the case on February 15, 2005.  Plaintiff filed suit in the Court of Federal Claims

on June 9, 2005 alleging violation of the Equal Pay Act.  The agency issued a FAD on August 4,

2005, finding no discrimination.  This suit followed.

## II.    ARGUMENT

### A.    Venue Is Improper In This District

The District of Columbia Circuit has held that venue in Title VII actions is governed by

the special venue provision of Title VII, 42 U.S.C. § 2000e-5(f)(3).  See Stebbins v. State Farm

Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969), cert. denied, 396 U.S. 895 (1969).

This provision limits the choice of available forums, and controls any other venue provision

governing actions in federal court.  See id.; Donnell v. Nat'l Guard Bureau, 568 F.Supp. 93, 94

(D.D.C. 1983); Hayes v. RCA Serv. Co., 546 F.Supp. 661, 663 (D.D.C. 1982).

Title VII provides four possible venue options.  First, venue lies in "any judicial district in

the State in which the unlawful employment practice is alleged to have been committed."

42 U.S.C. § 2000e-5(f)(3).  Second, the action may be brought in "the judicial district in which the employment records relevant to such practice are maintained and administered."  Id.  Third, the complaint may be brought in "the judicial district in which the [plaintiff] would have worked but for the alleged unlawful employment practice."  Id.  Fourth, venue lies in "the judicial district in which the [employer] has his principal office."  Id.  The last venue option is available only if the defendant is not found in any of the first three judicial districts.  See Donnell, 568 F.Supp. at 95; Turbeville v. Casey, 525 F.Supp. 1070, 1072 (D.D.C. 1981).

As discussed below, the alleged discrimination occurred in Maryland.  Plaintiff's employment records related to the alleged incident are maintained in Maryland, and, at all times relevant to the complaint, Plaintiff was employed in Maryland.  While the District of Columbia is the judicial district in which the Agency has its principal office, the defendant can be brought before the court in any of first three preceding judicial districts.  Therefore, under 42 U.S.C. § 2000e-5(f)(3), the District of Columbia is not the appropriate forum for Plaintiff's complaint.[3]

1.     Plaintiff Does Not Allege That Unlawful Employment Practices Were Committed In This District

The first venue option is "any judicial district in the State in which the unlawful employment practice is alleged to have been committed."  42 U.S.C. § 2000e-5(f)(3).  The D.C. Circuit has held that, with respect to Title VII actions, it was "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination."  Stebbins, 413 F.2d at

_____

[3]To reach any other conclusion effectively would mean that all employment discrimination suits against the government could be brought in the District of Columbia merely because the headquarters of most government agencies are here.  As the language of the statute makes plain, that is not what Congress intended.  See 42 U.S.C. § 2000e-5(f)(3); Stebbins, 413 F.2d at 1102.

3

1103.  Therefore, the Court must look to "the place where the decisions and actions concerning the employment practices occurred."  Hayes, 546 F.Supp. at 663.

At all times relevant to the complaint, Plaintiff was employed as a Technology Licensing Specialist at NIH, located in Bethesda, Maryland.  Further, all acts complained of occurred in Maryland.  Moreover, Plaintiff does not allege that any of the unlawful employment practices were committed in the District of Columbia.  Therefore, the District of Maryland, not the District of Columbia, is the proper venue for Plaintiff's complaint.

2.    Employment Records Related To The Alleged Unlawful Employment Practice Are Not Maintained Or Administered In This District

The second venue option is "the judicial district in which the employment records relevant to such [unlawful employment] practice are maintained and administered."  42 U.S.C. § 2000e-5(f)(3).  At all times relevant to the complaint, Plaintiff's personnel records, including her Official Personnel Folder, were maintained in the Office of Human Resources, NIH, located in Bethesda, Maryland. See Sepulvado Declaration ¶ 2.  Therefore, the location of the relevant personnel files does not support venue in the District of Columbia.  See Washington v. Gen. Elec. Corp., 686 F.Supp. 361 (D.D.C. 1988).

3.    Plaintiff Did Not Seek Employment In This District

The third venue option is "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).  At all times relevant to the complaint, Plaintiff was employed by NIH, in Bethesda, Maryland.  See Compl. ¶ 4.  Plaintiff does not claim, nor can she demonstrate, that she sought or was denied a position with NIH in the District of Columbia.  Therefore, Plaintiff may not assert that she would

4

have worked in the District of Columbia but for the unlawful employment practice. Thus, venue is not proper in the District of Columbia.

> 4. Although the Agency's Principal Office is Located in the District of Columbia, This Venue is Only Proper if the Other Venue Options Are Not Viable

Pursuant to Title VII, civil actions must be brought against the head of the agency. 42 U.S.C. § 2000e-16(c). The office of the agency head, the Secretary of Health and Human Services, is located in the District of Columbia. However, under Title VII's venue provisions, the fourth venue option, which permits venue to be in "the judicial district in which the [defendant] has his principal office," is only available if the other three venue provisions cannot be satisfied in any judicial district. See Stebbins, 413 F.2d at 1102; Donnell, 568 F.Supp. at 95; Turbeville, 525 F.Supp. at 1072.

Plaintiff does not, and cannot, claim that the first three venue provisions cannot be satisfied in any judicial district. Moreover, Title VII venue determinations are based on a "commonsense appraisal" of how the events in question arose. See Donnell, 568 F.Supp. at 94, quoting Lamont v. Haig, 590 F.2d 1124, 1134 (D.C.Cir.1978). The alleged unlawful employment practices were committed in Maryland; all relevant employment records are maintained and administered in Maryland; and Plaintiff was employed in Maryland. Applying this "commonsense appraisal" leads to the conclusion that venue is not proper in the District of Columbia. See Donnell, 568 F.Supp. at 95; Turbeville, 525 F.Supp. at 1072.

**B.    The Court Should Dismiss Plaintiff's Claims Or, In The Alternative, Transfer This Action To The District Of Maryland**

When an action is filed in an improper venue, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a).  The decision whether a transfer or a dismissal is in the interest of justice rests within the sound discretion of the district court.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Piper Aircraft v. Reyno, 454 U.S. 235, 257 (1981); Naartex Consulting Corp. V. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983), cert. denied, 467 U.S. 1210 (1984) (citing Wright, Miller & Cooper; Cellutech, Inc. v. Centennial Cellular Corp., 871 F.Supp. 46, 50 (D.D.C. 1994); Hayes, 546 F.Supp. at 665 ("[u]nder [28 U.S.C. § 1406(a)], the decision as to whether a dismissal or a transfer is appropriate is one committed to the discretion of the Court acting in the interests of justice.") (citing 15 Wright, Miller & Cooper § 3827).  The district court has the same discretion to dismiss, rather than transfer, in Title VII cases.  Washington v. Gen. Elec. Corp., 686 F.Supp. at 362; Hayes, 546 F.Supp. at 665.  Therefore, should this Court deem it appropriate, it may dismiss this action or transfer it to the United States District Court for the District of Maryland, where the first three prongs of the venue provision are be satisfied.

### III.  CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court dismiss this action for lack of venue, or in the alternative, transfer the action to the United States District

Court for the District of Maryland.

Respectfully submitted,


/s/
_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/
_____
MARIAN L. BORUM, D.C. BAR #435409
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this ___ day of June 2006, the foregoing, and the attached Order, were

mailed postage prepaid to:

Camilla V. McKinney
Law Offices of Camilla C. McKinney, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, DC 20005

/s/
MARIAN L. BORUM
Assistant United States Attorney

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| SUSAN CARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil No. 05-2159 (HHK) |
| | ) |
| MICHAEL O. LEAVITT, SECRETARY, | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

---

**ORDER**

This matter is before the Court on defendant's Motion to Dismiss for Lack of Venue, or in the Alternative, to Transfer. Upon consideration of this Motion and the entire record of this case, it is this _____ day of _____, 2006,

**ORDERED** that Defendant's Motion to Transfer should be and hereby is GRANTED.


_____
HENRY H. KENNEDY
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
SUSAN CARSON,                           )
                                        )
                Plaintiff,              )
                                        )
v.                                      )        Civil No. 05-2159 (HHK)
                                        )
MICHAEL O. LEAVITT, SECRETARY,          )
UNITED STATES DEPARTMENT OF             )
HEALTH AND HUMAN SERVICES,              )
                                        )
                Defendant.              )
_____)


**<u>ORDER</u>**

     This matter is before the Court on defendant's Motion to Dismiss for Lack of Venue, or in

the Alternative, to Transfer.  Upon consideration of this Motion and the entire record of this case, it

is this _____ day of _____, 2006,

     **ORDERED** that Defendant's Motion to Dismiss should be and hereby is GRANTED.


                            _____
                            HENRY H. KENNEDY
                            UNITED STATES DISTRICT JUDGE

Copies to:


       Marian L. Borum
       Assistant United States Attorney
       Judiciary Center Building
       555 Fourth Street, N.W., Room E4810
       Washington, DC  20530

       Camilla V. McKinney
       Law Offices of Camilla C. McKinney, PLLC
       1100 Fifteenth Street, N.W., Suite 300
       Washington, DC 20005